IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GREGORY L. HAMILTON, JR.                                                                PLAINTIFF

v.                                        Civil No. 6:21-cv-06098

RICO WILLIAMS, ISSAC EMERSON,
JIMMY COLEMAN, DEXTER PAYNE,
JAMES GIBSON, CULCLAGER and                                                          DEFENDANTS
S. FRANK

## ORDER

Before the Court is the Report and Recommendation filed August 16, 2021, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 10). Plaintiff is incarcerated in the Arkansas Division of Correction ("ADC") and has filed a Complaint alleging that certain ADC employees have subjected him to excessive force, acted with deliberate indifference toward his constitutional rights, and violated his Fourteenth Amendment right to due process. (ECF No. 9). Specifically, Plaintiff alleges that on December 2, 2020, individual Defendants Williams and Emerson purposefully caused physical injuries to Plaintiff while Plaintiff was secured in handcuffs. Plaintiff further alleges that after this incident, multiple Defendants, in their individual and official capacities, have acted with deliberate indifference toward Plaintiff's constitutional rights by orchestrating abusive and fraudulent disciplinary actions against Plaintiff, which have resulted in Plaintiff being transferred to Varner Supermax and placed in unconstitutional conditions of confinement. Plaintiff appealed these disciplinary actions pursuant to ADC policy, but his appeals were ultimately denied. Plaintiff has sued the above-named Defendants in their individual and official capacities as employees of ADC.

The Court referred Plaintiff's Complaint to Judge Ford for preservice screening pursuant to the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915A. Judge Ford recommends that the Court dismiss all but Plaintiff's individual claims against Williams and Emmerson for their alleged use of excessive force. Judge Ford recommends that the remaining claims be dismissed because they are either barred by sovereign immunity or otherwise fail to allege sufficient facts to establish a justiciable constitutional controversy. In particular, Judge Ford's Recommendation finds that Plaintiff does not have a constitutional right to be placed in any particular prison facility and also that Plaintiff's complaints regarding the disciplinary actions are barred because they were not reversed on appeal. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff filed timely objections to the portions of the Report and Recommendation that recommend dismissal of Plaintiff's claims. (ECF No. 11). However, Plaintiff's objections are general in nature and fail to present any argument regarding sovereign immunity. The objections also fail to address Judge Ford's findings that Plaintiff lacks a valid constitutional interest in the injuries complained of. Accordingly, Plaintiff's objections fail to trigger *de novo* review and, finding no clear error in the record, the Court adopts the Report and Recommendation (ECF No. 10) *in toto*. Plaintiff's individual capacity claims against Defendants Williams and Emerson for excessive force remain for further review. All other claims against all other Defendants are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 19th day of January, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge