IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GREGORY L. HAMILTON, JR.                                                                    PLAINTIFF

v.                              Civil No. 6:21-CV-06098-SOH-MEF

RICO WILLIAMS and ISAAC EMERSON                                                DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court are Plaintiff's Motion for Protective Order (ECF No. 39), Motion for Immediate Injunctive Relief (ECF No. 40), Motion to Employ Investigator (ECF No. 41), Motion for Declaratory Statement/Judgment (ECF No. 42), and Motion for Extension of Time to locate Defendants. (ECF No. 43). Also before the Court is Plaintiff's failure to provide a valid service address for either Defendant.

**I.      BACKGROUND**

Plaintiff filed his Complaint in the Eastern District of Arkansas on June 1, 2021. (ECF No. 1). It was transferred to this District on June 7, 2021. (ECF No. 4). Plaintiff filed his Amended Complaint on July 6, 2021. (ECF No. 9). After preservice screening as required by the Prison Litigation Reform Act ("PLRA"), Plaintiff's sole remaining claim is that of excessive force against Defendants Williams and Emerson in their individual capacity, for acts which he alleges occurred while he was incarcerated in the Arkansas Division of Correction ("ADC") Ouachita River Unit. (ECF Nos. 10, 12). Both Defendants are no longer employed with the

1

ADC. (ECF Nos. 15, 26). Despite several service attempts starting on February 24, 2022, which included attempts at Defendants' last-known addresses provided by the ADC, as well as several extensions of time for Plaintiff to provide additional information, service to both Defendants has been unsuccessful. (ECF Nos. 13, 15, 17, 20, 23, 26, 27, 29, 32, 33, 34, 35, 37, 38).

On October 25, 2022, the Court entered an Order granting Plaintiff one final extension of time to provide service information for Defendants by November 28, 2022. (ECF No. 38). In the Order, the Court noted that Plaintiff had been granted several extensions over a period of several months to find a service address for Defendants, and no further extension would be granted. (*Id.*).

On November 9, 2022, Plaintiff filed a Motion for Protective Order and Motion for Immediate Injunctive Relief. (ECF Nos. 39, 40). On November 28, 2022, Plaintiff filed a Motion to Employ Investigator, Motion for Declaratory Statement/Judgment, and Motion for Extension of Time to Locate Defendants. (ECF Nos. 41, 42, 43).

## II.     ANALYSIS

### A. Motion for Protective Order and Motion for Immediate Injunctive Relief

On November 9, 2022, Plaintiff filed his Motion for Protective Order and Motion for Immediate Injunctive Relief. (ECF Nos. 39, 40). Both motions state that he is currently housed in the ADC Varner Unit and is experiencing retaliation for exercising his First Amendment rights by filing this lawsuit. (ECF Nos. 39 at 1; 40 at 1). Plaintiff asks that a restraining order be issued to several ADC Varner Unit staff, and that he be transferred to another ADC Unit, or an out-of-state facility. (ECF Nos. 39 at 2; 40 at 1). In contrast, Plaintiff's Complaint alleges a claim of excessive force in the ADC Ouachita River Unit. As such, Plaintiff's requests for temporary relief are unrelated to the allegations in his Complaint. *See, e.g.*, *Devose*, 42 F.3d at

471 (denying a preliminary injunction where a prisoner's retaliation allegation was "entirely different from" the inadequate medical care claims and relief requested in his § 1983 complaint); *Owens v. Severin*, Case No. 08-1418, 2008 WL 4240153 (8th Cir. Sept. 18, 2008) (unpublished opinion) (denying a prisoner's request for a preliminary injunction because the "the relief sought was unrelated to the allegations in his [§ 1983] complaint".)  Moreover, his allegations of retaliation center on an ADC Unit that is outside the jurisdiction on the Western District of Arkansas.

Accordingly, Plaintiff's Motion for Protective Order and Motion for Immediate Injunctive Relief (ECF Nos. 39, 40) should be **DENIED**.[1]

### B.  Motion for Court-Appointed Investigator
### and Motion for Declaratory Statement/Judgment

Plaintiff asks the Court to "employ" an investigator to locate Defendants for service. (ECF No. 41).  Plaintiff has been repeatedly advised that, pursuant to *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993), it is his responsibility to find accurate addresses for service of process. (ECF Nos. 16, 22, 33, 38).  Plaintiff has also been advised that the Court does not provide research or investigative services to any party in a case, including a *pro se* party.  (ECF No. 22).

Plaintiff also asks the Court to issue a declaratory statement or judgment to ADC Director Dexter Payne, who is not a party in this case.  (ECF No. 42).  Specifically, Plaintiff asks that the following language be sent to the ADC Director:

> The Federal Privacy Act requires agencies to keep accurate records concerning individuals and to respond to requests to correct errors, and provides for civil suits to enforce these requirements, or to recover damages for adverse determinations based on inaccurate records.

---

[1] Plaintiff may, of course, file a § 1983 lawsuit in the Eastern District of Arkansas concerning his allegations of First Amendment retaliation in the ADC Varner Unit.

> The Plaintiff is protected under the Constitution and has the right to seek counsel from any law firm, institution or inmate civil rights advocate that I the Plaintiff choose.

(*Id*.). Plaintiff's goal in filing this motion is unclear, and the Court can infer no cognizable § 1983 claim, declaratory or otherwise. To the extent this request could be interpreted as a motion to compel the ADC to provide the last-known address on file for their former employees, counsel for the ADC has already done so, and Plaintiff has been repeatedly advised of that fact. (ECF Nos. 19, 31). To the extent Plaintiff could be asking the Court to order the ADC to monitor and maintain current addresses of all former employees in perpetuity, the request is overbroad and the Court is without either jurisdiction or legal basis to do so.[2] To the extent that Plaintiff's request could be interpreted as a claim for denial of access to the courts, Plaintiff was able to obtain a § 1983 form and file this lawsuit while he was incarcerated in the ADC. Plaintiff has also been advised that he is not entitled to appointed counsel in this civil case. (ECF No. 22). Finally, Plaintiff has made no allegation that he has been prevented from seeking representation. To the contrary, his two most recent Motions for Extension state that he is actively in the process of seeking legal representation. (ECF Nos. 37, 43).

Accordingly, Plaintiff's Motion for a Court-Appointed Investigator and Motion for Declaratory Statement/Judgment (ECF Nos. 41, 42) should be **DENIED**.

### C. Motion for Extension of Time to Locate Defendants

In this Motion, Plaintiff states he has gained the assistance of a Varner Unit staff librarian who has stated she will try to help him find the former ADC officers. (ECF No. 43). He also states he has been informed that Defendant Rico Willliams is married to Logan Morgan, who is

---

[2] The Court further notes that the Federal Privacy Act concerns federal agencies. The ADC is a state agency. *See, e.g.*, 5 U.S.C.A. 551(1); *Bruce v. U.S.*, 621 F.2d 914, 916 (8th Cir. 1980).

still employed with the ADC, and asks that service be attempted with her.³ (*Id*.). Finally, he states he has been sending letters to law firms and advocacy groups to seek representation. (*Id*.).

While the Court is not unsympathetic to the difficulty of researching Defendant addresses while incarcerated, this case cannot remain open indefinitely because Plaintiff might locate either Defendant at some point in the future. Plaintiff has already been granted several extensions of time for a period of just over nine months. In his previous motion for extension in October, Plaintiff stated he had friends and family working to locate Defendants using social media and "other means." (ECF No. 37). These efforts have not, apparently, yielded any results. Plaintiff was advised in that Order that he would receive no further extensions of time to locate Defendants.

Accordingly, Plaintiff's Motion for Extension of Time to Locate Defendants (ECF No. 43) should be **DENIED**.

### D. Dismissal of Case Without Prejudice

The Court has made several unsuccessful attempts to serve both Defendants. More than nine months have passed since service was first ordered, and Plaintiff has failed to provide the Court with a valid address to serve either Defendant. Accordingly, it is recommended that both Defendants be terminated as parties in this case, and the case be dismissed without prejudice.⁴

### III.     CONCLUSION

Accordingly, it is recommended that:

(1)   Plaintiff's Motion for Protective Order (ECF No. 39), Motion for Immediate Injunctive Relief (ECF No. 40), Motion to Employ Investigator (ECF No. 41),

---

³ Neither Federal Rule of Civil Procedure 4(e) or Arkansas Rule of Civil Procedure 4(f)(1)(B) permit substituted or second-hand service to a spouse or adult family member at their place of employment.
⁴ Because the dismissal is without prejudice, Plaintiff is free to file a new case if he obtains a valid service address for either Defendant.

        Motion for Declaratory Statement/Judgment (ECF No. 42), and Motion for Extension of Time to locate Defendants. (ECF No. 43) all be **DENIED**.

(2)       Both Defendants be **TERMINATED** as parties in the case.

(3)       Plaintiff's Amended Complaint (ECF No. 9) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of December 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE